Antonio Medina
PO Box 361361
Milpitas, CA 95036
Tel: (714) 248-5689
In pro per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MEDINA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION, et al.<br><br>　　　　　Defendants. | Case No. 3:14-cv-00143-RS<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE AND SEAL**<br><br>**PROPOSED ORDER**<br><br>Judge: Honorable Richard Seeborg |

**NOTICE OF MOTION**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure Plaintiff, Antonio Medina gives notice and respectfully submits this EX PARTE Motion to strike **MICROSOFT'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PROTECTIVE ORDER**, Re: Dkt. No. 53 filed on June 11, 2014, either in whole, or Paragraph B, beginning on page 5, line 13 and continuing to page 7 line 9, and **ORDER RE: DEFENDANT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER,** Re: Dkt. No. 77 filed on August 7, 2014 by United States Magistrate Judge Jacqueline Scott Corley, either in whole, or the false statements contained therein on page1 lines 13-14 and Paragraph B, beginning on page 2, line 19 and continuing to page 3 line 3. Plaintiff requests that this Court seal those records if they are not completely removed from the file.

The parties have met and conferred, Microsoft's counsel stated via email that "while Microsoft does not believe it is appropriate to seal any part of the record, Microsoft is amenable to the Court rendering a decision ex parte."

# MOTION TO STRIKE

Rule 12(f) provides in relevant part that on motion or sua sponte, "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The paragraphs that Plaintiff asks this court to strike are immaterial, impertinent, or scandalous matter as they portray an irrelevant and false "criminal history" that is injurious and prejudicial to Plaintiff.

## 1. STATEMENT OF THE RELEVANT PROCEDURAL FACTS

Dr. Medina sued Microsoft for patent infringement of U.S. Patent No. 5,081,530.

Discovery matters were assigned to Magistrate Judge Jacqueline Corley.

Microsoft refused to produce any documents to Dr. Medina claiming that they were all "highly confidential" and instead filed a motion for a protective order on 6/11/2014, Docket 53. Microsoft made gratuitous defamatory allegations in the moving papers.

Dr. Medina filed a response to the motion for Protective Order and supporting declaration on 7/16/2014, Docket 68 and 69. He denied the defamatory allegations and objected to the evidence presented as hearsay.

On 8/7/2014 Magistrate Judge J Corley filed an Order granting in part the Motion for Protective Order titled "ORDER RE: DEFENDANT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER." Docket 77, hereinafter ("The Protective Order"). The Protective Order repeats the offending allegations made by Microsoft in the moving papers by copying them almost verbatim. The offending allegations were totally unnecessary to her ruling.

Dr. Medina was unaware that the discovery proceedings were made public records as part of the court file.

After a confidential settlement conference and a Settlement Conference Order, by Chief Magistrate Judge Elizabeth D. Laporte the case was dismissed by stipulation on January 6, 2015.

## 2. LAW AND ARGUMENT

On August 7, 2014, United States Magistrate Judge CORLEY prepared a Protective Order, Docket 77. The Protective Order was prepared to protect the confidential information of the parties. The Protective Order granted in part the Motion for Protective Order, Docket 53. The Protective Order repeats the offending allegations made by Microsoft in the moving papers by

copying them almost verbatim.

The allegations are totally gratuitous and bear no connection to the issues decided in the Protective Order. Nowhere in the Protective Order Magistrate Judge Corley explains or even insinuates why the injurious allegations could have any relevance to her ruling, which was limited to interpreting Northern District Patent Local Rule 2-2. The offending allegations were totally unnecessary to her ruling. Although the Protective Order protected the privacy interests of Microsoft it did not do the same for Dr. Medina. The order narrates a purported "criminal history" of Dr. Medina, as originally narrated by Microsoft in its motion for a Protective Order.

The narrated purported history in the Protective Order labeled in paragraph B in the background section is false, defamatory and also irrelevant to any of the issues in this patent litigation.

In particular, it is false that "Dr. Medina has twice been convicted of criminal bank fraud." It is false that "Dr. Medina was convicted of fraudulently altering a check for $365 to $365,000." The Protective Order provides a published case reference to support the allegations, again copied from Microsoft's moving papers. The reference does not say that Dr. Medina altered a check, but the opposite, it makes clear that he did not alter any checks and that the bank loss was due to a bank mistake. In any event, facts narrated in a court opinion are inadmissible as hearsay. Rule 12(f) of the Federal Rules of Civil Procedure provides, in pertinent part, that: "[u]pon motion made by a party . . . the court may order stricken from any pleading any . . . scandalous matter." Fed. R. Civ. P. 12(f); see 5A C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 712 (1990) ("'Scandalous' matter is that which improperly casts a derogatory light on someone, most typically a party to the action.") (footnote omitted); Moore's Federal Practice § 12.37[3] at 12-97 ("'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.") (footnote omitted). The relief provided for in Rule 12(f) need not be granted only upon motion of a party; consistent with the Court's inherent powers to protect the decorum of proceedings before it, the Court may strike such material sua sponte. Fed. R. Civ. P. 12(f); see *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn,* 6 Wheat. 204, 227 (U.S. 1821)).

3.
MOTION TO STRIKE AND PROPOSED ORDER
3:14-cv-00143-RS

While motions to strike directed to the complaint are generally disfavored, "the disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations, and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations." 5A C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 714 (1990).

Rule 12(f) draws from historical roots and premises, that is, the protection of parties from the improper use of judicial filings to broadcast scandalous or defamatory material. *Father M. v. Various Tort Claimants*, 657 F.3d 1008 (9th Cir. 2011). The striking of offensive material is particularly appropriate when the offensive material is not responsive to an argument but, rather, constitutes an inappropriate attempt to abuse the Court's process to attack an individual personally. See, e.g., *Pigford v. Veneman*, 215 F.R.D. 2, 4-5 (D.D.C. 2003)(striking unfounded accusations that opposing counsel was racist); *Murray v. Sevier*, 156 F.R.D. 235, 258 (D. Kan. 1994) (striking allegation that defendant and his counsel "bought off" and paid "hush money" to prospective witnesses); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998) (striking allegation that "defendants are '[l]ike vultures feeding on the dead'"); *Nault's Automobile Sales, Inc. v. American Honda Motor Co.*, 148 F.R.D. 25, 29-34 (D.N.H. 1993) (noting that "[w]ith each passing week the pleadings assumed a more hostile and accusatory tone" and striking scandalous assertions).

The court has wide discretion to grant a Rule 12(f) motion. It can grant it on its own motion and strike matter that has not been requested. Motions to strike are most commonly sought by the defendant, as to a matter contained in the plaintiff's complaint; however, they may also be asserted by plaintiffs to any other pleadings or trial testimony.

The pleadings sought to be stricken here falsely state that Dr. Medina has two criminal convictions and committed bank fraud by altering a check. Apart from being scandalous, false and defamatory, the allegations are irrelevant in a patent infringement case where the infringement depends entirely on technical evaluation of patent claims and even less in a motion for a protective order. The character of the inventor is irrelevant. Allegations that are irrelevant in the context of the issue being decided are stricken when the matter under challenge has 'no possible relation to the controversy and may prejudice the other party.'" *U.S. ex rel. Ackley v. Int'l Bus.*

*Machines Corp.*, 110 F. Supp. 2d 395, 406 (D. Md. 2000) (quoting *Steuart Inv. Co. v. Bauer Dredging Constr. Co.*, 323 F. Supp. 907, 909 (D. Md. 1971)); accord *Williams v. Kettler Mgmt. Inc.*, CCB-12-1226, 2014 WL 509474 (D. Md. Feb. 5, 2014); *E.E.O.C. v. Spoa, LLC,* CCB-13-1615, 2014 WL 47337 (D. Md. Jan. 3, 2014).

Even if the allegations were relevant they had to be supported by evidence. A court cannot take in evidence or judicial notice the facts found in records of other court. Even within the same court, "as a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it". *M/V American Queen v. San Diego Marine Construction Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983): 29 Am. Jur. 2d Evidence § 58 (1967). Microsoft had not even requested that this court take judicial notice, but even if it had, this court cannot take judicial notice of facts in other cases. *Guam Inc. Co. v. Central Bldg., Inc.*, 288 F.2d 19, 23 (9th Cir. 1961) ("As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties"). See also *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) ("Although we appreciate that the magistrate judge was attempting to utilize an expeditious procedure, we have held that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201.")

It is well established that a court may take judicial notice of its own records. See *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). But this does not mean that a court can take judicial notice of <u>the truth</u> of all documents found within a court's records as Microsoft sought. That a fact sought to be noticed is found in a court's records is not talismanic; the fact still must be of the type described in Fed. R. Evid. 201. *In re Armorflite Precision, Inc.*, 48 B.R. 994, 996 (D. Maine 1985); see generally Wright & Miller § 5106; see also *M.V. American Queen v. San Diego Marine Construction*, 708 F.2d 1483, 1491 (9th Cir. 1983) (a court may not take judicial notice of otherwise inadmissible statements merely because they are part of a court record or file).

Dr. Medina has been severely prejudiced by the defamatory statements as he explains in his declaration and as it logically follows from publication of any statement alleging conviction of a crime or criminal conduct by itself.

The granting of this motion cannot prejudice Defendant. Striking the offending

material cannot have any effect in this case because it has been adjudicated.

The offending text is immaterial, because it does not relate to any issues in the case, especially after the case is over. *See Fogerty,* 984 F.2d at 1527("Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead.") (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07 (1990) (quotation marks omitted)). It is impertinent for the same reason. *Id.* ("Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.") (quotation marks and citation omitted). Finally, it is also scandalous, because it contains the false allegation of the commission of crimes.

Discovery motions are generally viewed as unrelated to the merits of a case. Summary judgment motions, on the other hand, are typically considered dispositive because they adjudicate the parties' substantive rights and can serve as a substitute for trial. So, for example, potentially confidential documents attached to a discovery motion could be sealed on a showing of "good cause"—using the same showing required for a protective order. A motion containing those facts needs to be "more than tangentially related to the merits of a case," to deserve to be a public record. The motion for a protective order and the Protective Order were non-dispositive, they were tangential to the case. For this reason the defamatory character of the statements there should take precedence to the interest of public access. There cannot be any interest in the public accessing false information, and the offending record should be stricken and sealed.

## 3 CONCLUSION

For the foregoing reasons, Defendants respectfully ask this Court for an Order (a) striking Paragraph B, beginning on page 2, line 19 and continuing to page 3 line 19 of ORDER RE: DEFENDANT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER Re: Dkt. No. 77.  or alternatively (b) striking said ORDER RE: DEFENDANT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER Re: Dkt. No. 77 in its entirety and (c) directing to remove said order from website re-publishers and to take whatever steps it finds necessary to prevent the further publication of said passage in any other forum.

DATED: November 2, 2020

_____
Antonio Medina Plaintiff

Antonio Medina
PO Box 361361
Milpitas, CA 95036
Tel: (714) 248-5689
In pro per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MEDINA,<br><br>Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION, et al.<br><br>Defendants. | Case No. 3:14-cv-00143-RS<br><br>**PROOF OF SERVICE**<br><br>Judge: Honorable Richard Seeborg |

On this date a true copy of

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE AND SEAL;**

**DECLARATION AND PROPOSED ORDER**

was served by email per agreement of the parties to the following addressee:

jjennison@perkinscoie.com

Judith Jennison

1201 Third Avenue, Suite 4900

Seattle, WA 98101-3099

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 2, 2020         By: _____
                                         Antonio Medina