Judith B. Jennison, Bar No. 165929
JJennison@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Andrew Ohlert, Bar No. 306443
AOhlert@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone:  415.344.7183
Facsimile:  415.344.7383

*Attorneys for Defendant Microsoft Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTONIO MEDINA<br><br>*Plaintiff*,<br><br>v.<br><br>MICROSOFT CORPORATION, et al,<br><br>*Defendants*. | Case No. 3:14-cv-00143-RS<br><br>**DEFENDANT MICROSOFT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND SEAL**<br><br>Judge:     Hon. Richard Seeborg<br>Hearing:  December 17, 2020<br>Time:     1:30 p.m. |

**I.      ARGUMENT**

This case has been closed since January 2015. In his Motion to Strike and Seal, pro se Plaintiff, Antonio Medina, now asks the Court to strike portions of Microsoft's Motion for Entry of Protective Order as well as Magistrate Corley's Order granting that Motion, which date back to the summer of 2014. In the alternative, Plaintiff appears to suggest that the Court should seal that material.

While the motion fails to establish that Plaintiff is entitled to any relief, Microsoft does not oppose Plaintiff's request to seal the material solely in order to most efficiently dispose of this issue in a case which is now long closed. Microsoft does, however, object to striking all or any portion of the pleadings. Microsoft also wishes to correct a number of inaccuracies in Plaintiff's most recent filing.

Plaintiff's request to strike should be denied because it fails to meet the standard for striking materials from a pleading. Motions to strike are disfavored and should not be granted unless the stricken matter "could have no possible bearing on the subject matter of the litigation." *F.D.I.C. v. Straub*, No. 11-03295, 2012 WL 1965621, at *2 (N.D. Cal. May 31, 2012) (emphasis added) ("A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action"). As discussed in more detail below, Plaintiff's prior convictions for fraud were relevant to whether he could be trusted to comply with the strictures of the protective order in that case. Further, the purpose behind such a motion is to streamline the case "by dispensing with [spurious] issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885–86 (9th Cir. 1983). Thus, Plaintiff's motion should be denied because it was filed years after the settlement of all the issues in this case. *Rosenshein v. Kushner*, No. 15cv7397, 2016 WL 4508756, at *7 (S.D.N.Y. Aug. 26, 2016), *aff'd sub nom. Rosenshein v. Meshel*, 688 F. App'x 60 (2d Cir. 2017) (holding Rule 12(f) did not require striking of allegations where claims were already dismissed).

Moreover, Courts have declined to strike allegations that cast a party in an unfavorable light where those allegations are already part of the public record. *Rosenshein*, 2016 WL 4508756, at *7 ("while the allegations paint Sturman in a negative light, some are already part of the public record

OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND SEAL          1          Case No. 3:14-cv-00143-RS

1  in a prior proceeding and none is sufficiently scandalous to require striking under Rule 12(f)"); *Doe v. Murray*, No. A-08-CA-234, 2008 WL 11333998, at *2 (W.D. Tex. Sept. 26, 2008) ("Defendants do not make a strong showing of prejudice, as the matters at issue are part of the public record.").

4  Plaintiff asserts that Microsoft's (and the Court's) recitation of his criminal history was "false, defamatory and also irrelevant," (Motion at 3). This is not accurate as his criminal history and prior convictions were well established and a matter of public record at the time of Microsoft's Motion for Protective Order. *United States v. Puerta*, 38 F.3d 34, 36 (1st Cir. 1994) (affirming Plaintiff's conviction of "bank fraud" and "transportation in foreign commerce of stolen or fraudulently obtained funds" where "Medina had deposited a $365 check in his Bank of Boston account, knowingly misrepresented the amount as $365,000, ultimately received a credit of $365,000 to his account, and then transferred $350,000 of these fraudulently obtained funds to his account in an English bank."); Jury Verdict, *United States v. Puerta*, No. 11-cr-00055 (C.D. Cal. Sept. 12, 2012), ECF. No. 79 (Jury verdict as to Antonio Medina Puerta, Guilty on Count 1-3). In fact, at the time, Plaintiff did not dispute the convictions in his response to Microsoft's Motion for Protective Order, only stating that they were irrelevant. Opposition to Microsoft's Motion for Entry of Protective Order, Dkt. No. 68 at 6 ("Microsoft alleges that Dr. Medina has a criminal history because of two cases that it found. One is more than 20 years old, and the other is on appeal."). To date, Dr. Medina has not provided evidence to support his position, though his second conviction appears to have been reversed on appeal, subsequent to the motion in question. *United States v. Puerta*, 607 F. App'x 635, 635 (9th Cir. 2015) (recognizing "Medina Puerta was charged with and convicted of three counts of bank fraud under 18 U.S.C. § 1344(2)" before overturning conviction).

22  Plaintiff further contends that discussion of his criminal history was "gratuitous and bear[s] no connection to the issues decided" in this Court's decision to grant a protective order. Motion at 2-3. But the papers and Magistrate Corley's Order show that the opposite is true. Microsoft believed Plaintiff's prior criminal convictions for crimes involving fraud demonstrated that he could not be trusted to maintain the confidentiality of Microsoft's documents produced in discovery. Motion for Protective Order, Dkt. No. 53 at 1 ("Medina's status as Microsoft's direct competitor in the area of the accused technology—and Medina's inherent lack of trustworthiness, as confirmed by his repeated

fraud convictions—makes it inappropriate for Medina to personally have access to any Microsoft confidential information."). Magistrate Corley granted Microsoft's motion. Order, Dkt. No. 77 at 5-6 ("The District's Model Protective Order governs this action and Dr. Medina may not view any material Microsoft designates as 'highly confidential.'"). Though her Order does not expressly state that Plaintiff's criminal history influenced her decision, the fact that she included a discussion of his convictions in her Order suggests she too believed them relevant.

Finally, Plaintiff has misrepresented his attempt to meet and confer with Microsoft. He quoted correspondence with Microsoft's counsel from three years ago, implying the discussion related to his current filing. Though the parties did have a recent exchange in advance of his current filing, he chose not to include that exchange in his papers. Declaration of Judith B. Jennison in Response to Motion to Strike and Seal, Exh A. The discussions that Plaintiff references from 2017 related to a threatened (but never filed) motion to seal, not the present motion to strike and seal. *Id.*, Exh. B. This further shows that he knew in at least 2017 that the pleadings were public because he reached out to Microsoft at that time to request a joint motion to seal, which he never filed.

## II.     CONCLUSION

Microsoft recognizes that pro se litigants are often afforded more leniency than represented parties in procedural matters like the one before the Court. Plaintiff's latest filing falls far short of the requirements to strike six year old papers or Court's orders. Nonetheless, in the interest of efficient resolution of this issue, should the Court be so inclined, Microsoft does not oppose Plaintiff's request to seal portions of Microsoft's Motion for Protective Order or the Court's Order granting that motion.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:  November 20, 2020 | By: */s/ Judith B. Jennison* |
| 3 | | Judith B. Jennison, Bar No. 165929 |
| | | JJennison@perkinscoie.com |
| 4 | | PERKINS COIE LLP |
| | | 1201 Third Avenue, Suite 4900 |
| 5 | | Seattle, WA 98101-3099 |
| | | Telephone: 206.359.8000 |
| 6 | | Facsimile: 206.359.9000 |

Andrew Ohlert, Bar No. 306443
AOhlert@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7183
Facsimile: 415.344.7383

*Attorneys for Defendant Microsoft Corporation*

**CERTIFICATE OF SERVICE**

I certify that I will cause the foregoing document to be served on the following parties by the method indicated.

| Antonio Medina<br>PO Box 361361<br>Milpitas, CA 95035<br>714-248-5689<br>medina_nasa@hotmail.com | _____ Via ECF<br>__X__ Via U.S. Mail<br>_____ Via Overnight Delivery<br>_____ Via Facsimile<br>_____ Via Email |
|---|---|

DATED this 20th day of November 2020.

*/s/ Judith B. Jennison*
Judith B. Jennison

CERTIFICATE OF SERVICE    1    Case No. 3:14-cv-00143-RS