Antonio Medina
PO Box 361361
Milpitas, California 95035
(714) 418-1183
Plaintiff

**FILED**

NOV 27 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTONIO MEDINA,<br><br>               Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>               Defendants. | Case No. 3:14-cv-00143-RS<br><br>**DECLARATION OF DR. ANTONIO MEDINA IN REPLY**<br><br>Judge:   Hon. Richard Seeborg<br>Hearing: December 17, 2020<br>Time:   1:30 p.m. |

I, ANTONIO MEDINA, declare as follows:

1. I am the Plaintiff in the above-referenced matter. I know the facts declared herein to be true of my own personal knowledge and belief except for those facts which are stated on information and belief, and as to those facts, I believe them to be true. If called as a witness, I would competently testify thereto.

2. I make this declaration in reply to the opposition to my motion strike and seal.

3. I contacted Microsoft's attorney Judith Jennison by email and telephone on several occasions regarding this motion. She once indicated that: "Microsoft is amenable to the Court rendering a decision *ex parte.*"

4. On November 1, 2020, I sent her an email with the motion and declaration and indicated to her that it was going to be filed imminently. This email is contained in Exhibit A to the Declaration of Judith B. Jennison in Opposition to Plaintiff's Motion to Strike and Seal.

5. On November 3, 2020 when the motion papers had already been sent by mail for filing I received an email from Judith Jennison indicating that Microsoft did not consent to ex

1  parte hearing of the motion. This email is contained in Exhibit A to the Declaration Of
2  Judith B. Jennison In Opposition To Plaintiff's Motion To Strike And Seal.

6. I replied to the email of November 3, 2020, the next day. Attached as **Exhibit A** is a true and correct copy of the email I sent to Ms. Jennison on November 4, 2020, regarding the filing of this motion. In essence, I replied to her that the papers had already been mailed for filing and there was no possibility to make any further changes.

7. I did not admit or deny which cases, listed in Microsoft's motion for a Protective Order, belonged to me and which did not, because they were irrelevant, and because Microsoft had not explained the purpose of those cases. I explicitly declared then and now that some of the cases listed by Microsoft were not mine. I had no obligation to sort out in detail which were mine and which were not when there was no need or reason. Microsoft also offered the cases for the truth of facts narrated therein, as it still does in its present opposition, but those facts are objected hearsay. It is apparent in the Protective Order that the magistrate agreed that they were irrelevant as they were not relied upon in her decision. My position has not changed. Although I demonstrate that there are no "two convictions" as claimed, there is no implied admission of anything, like me being a party in both cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 25, 2020, in San Jose, California.

By: _____
Antonio Medina
pro se

## Service of amended motion

# EXHIBIT A

AN TONIO <medina_nasa@hotmail.com>
Wed 11/4/2020 10:26 PM
To: jjennison@perkinscoie.com <jjennison@perkinscoie.com>

📎 2 attachments (552 KB)
Declaration of Dr. Medina F.pdf; Motion to Strike F.pdf;

Dear Ms. Jennison,

The motion already went out.

I am serving you what was sent out for filing: PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE AND SEAL; DECLARATION AND PROPOSED ORDER

I did a final check of the motion and the emails and notes I have on this matter.

The order was attached at the end, but with the wrong format so I fixed that. The notice of motion was provided to you too, it is the first paragraph labeled like such. Also, I made sure that everything is correct. We discussed a motion to seal/ strike some time ago, and I quoted your last email where you said that Microsoft is amenable to the Court rendering a decision *ex parte.*

If Microsoft has changed its mind you can file whatever you like.

I believe that this matter does not deserve the time and money involved in a regular motion or hearing. Furthermore, it seems to me that Microsoft and you would be interested in the motion being granted. That is why I approached you to file a stipulation. If there is anything that we can agree to I am ready to resolve this matter in the most economical way.

Antonio Medina

Antonio Medina
PO Box 361361
Milpitas, CA 95036
Tel: (714) 248-6689
In pro per

RECEIVED
NOV 27 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MEDINA, <br><br> Plaintiff, <br><br> vs. <br><br> MICROSOFT CORPORATION, et al. <br><br> Defendants. | Case No. 3:14-cv-00143-RS <br><br> **PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO STRIKE AND SEAL** <br><br> Judge: Hon. Richard Seeborg <br> Hearing: December 17, 2020 <br> Time: 1:30 p.m. |

## ARGUMENT IN REPLY

**1. ISSUES LEFT AFTER OPPOSITION**

Microsoft does not oppose Plaintiff's request to seal the requested portions of Microsoft's Motion for Protective Order or the Court's Order granting that motion.

Microsoft claims that the seal will "most efficiently dispose of this issue" Microsoft does, however, object to striking all or any portion of the pleadings. Microsoft does not claim any prejudice if this court orders the matter struck.

The seal alone will not dispose of the issue. The problem is that sealing the identified material does not remove it from computer servers and computers where it is already stored. Only if the material is stricken the republishers will have a reason to depublish it as it is no longer part of the record that they purport to reproduce and republish.

## 2. DISPUTED FACTS

Based on the reading of the Opposition papers it is apparent that there are some disputed facts. The procedural ones, listed first below, are of little import, except to evaluate the accuracy of Ms. Jenninson as a reporter of facts, but is important to evidence her lack of accuracy in her accounts, including the defamatory facts that she narrated in 2014 in her motion for the Protective Order and still narrates today.

Ms. Jenninson claims in her opposition that Dr. Medina has misrepresented his attempt to meet and confer with Microsoft.In her declaration of November 20, 2020. The misrepresentation, according to Ms. Jenninson is the omission of her most recent email, exchanged on November 3 regarding this motion. She does not explain the significance, if any, of that email other than characterize its omission as a misrepresentation. However, Ms. Jenninson conveniently omitted in her opposition and declaration the last email of November 4, 2020, attached as Exhibit A to the declaration of Dr. Medina in reply, filed concurrently. In that email, Dr. Medina tells her in response to her November 3 email that "The motion already went out." Therefore Ms. Jenninson's belated email could not have been included.

In her opposition, Ms. Jenninson keeps talking about a "prior conviction" while admitting that there was a reversal of such, and therefore no conviction as a matter of law. She contradicts herself. She claims that Dr. Medina's assertion that her recitation of his "criminal history" is false, defamatory, and irrelevant "is not accurate as his "prior convictions were well established and a matter of public record at the time of Microsoft's Motion for Protective Order." Conviction in legal parlance denotes the final judgment of the court. See Black's legal dictionary. Therefore cannot be a conviction now after reversal and judgment of acquittal. Nor there was one at the time of the filing of the motion for Protective Order when it was known and undisputed that there was no finality because of the direct appeal filed.

As for the second "prior conviction" Microsoft has never shown that the defendant, in that case, is Dr. Medina, and it has not shown either what was the final disposition. An online inspection of the docket sheet shows that although this case was affirmed on appeal as Microsoft contends, there were multiple proceedings afterward attacking the judgment, including a petition for a writ of certiorari. The last entry refers to a writ of coram nobis. Microsoft contends that "Plaintiff did not

dispute the convictions in his response to Microsoft's Motion for Protective Order." That is incorrect. As explained in the Declaration of Dr. Medina in reply, he did not admit or deny which cases cited by Microsoft in its motion for protective order belonged to him and which did not, because they were irrelevant. Dr. Medina explicitly declared then and now that some of the cases listed by Microsoft were not his. Dr. Medina did not have any obligation to go over those cases and admit or deny involvement when there was no purpose since they were totally irrelevant to this action. Microsoft also offered the cases for the truth of facts narrated therein, as it still does in its present opposition, but those facts are objected hearsay. It is apparent in the Protective Order that the magistrate judge agreed that they were irrelevant as they were not relied upon in her decision.

### 3. LAW AND ARGUMENT

Defendant argues again that the allegations of criminal conduct were relevant to the issue of whether Dr. Medina could be trusted. Assuming for the argument that trustability is related to criminal conduct, trust was not the issue. The argument that Microsoft emphasizes in its opposition is that the reason why the protective order was granted, keeping Dr. Medina from seeing any and all documents to be produced, was that he "could not be trusted". Nothing even close to this reason appears in the protective order findings and conclusions. Nevertheless, Microsoft insists on its argument that trust was an issue considered by the magistrate judge for the simple reason that she repeated Microsoft's allegations of convictions, which according to Microsoft necessarily implied distrust.

The issue was not whether Dr. Medina could be trusted, but whether the documents should be kept secret by defendant Microsoft. Of course, when there is a protective order the parties are ordered to obey it. Microsoft argued that Dr. Medina might not obey it ('not be trusted") was beyond the motion for the protective order. When an order is not obeyed there are remedies, including contempt. Protective orders are issued when there is a privacy interest to protect, not when there is fear that the order might be disobeyed. A party seeking imposition of a protective order must show what is the information designated confidential and the subject matter covered by the protective order. That is what Microsoft had to show, not how trustable Dr. Medina was. Trust was not even a possible issue.

In determining whether to grant or deny a protective order, district courts must balance the

parties' and the public's respective interests. See *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992); *Valley Broadcasting Co. v. United States Dist. Ct.,* 798 F.2d 1289, 1294 (9th Cir. 1986).; see also *Federal Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 363-364, 61 L. Ed. 2d 587, 99 S. Ct. 2800 (1979) (determination of whether confidential commercial information is discoverable must await the development of a proper record). The absence of facts regarding what documents are disputed, or whether the disputed documents contain trade secrets or are relevant to the prosecution of claims and any potential defenses precludes proper balancing. Issues like trustability are irrelevant.

  Magistrate Corey granted the motion for Protective Order because Dr. Medina did not have an attorney and Microfost claimed that all its documents were strictly confidential for attorney's eyes only. She makes no mention of trustability in her Protective Order because it was not an issue. Microsoft's argument that the Magistrate must have considered it because it was the reason Microsoft used to justify an argument is simply pure speculation that also assumes that the justification was good, something that Magistrate Corey never even mentioned.

  We can only speculate why magistrate judge Corley copied the allegations of conviction made by Microsoft in its motion for the protective order, maybe she copied the introduction of facts from Microsoft's motion to her order for convenience and concentrated on the issues of law. Section B of the magistrate's order (in p. 2) is labeled "Dr. Medina's Criminal History." A reading of that section evidences that it is a summarized copy of section B (in p. 5) of Microsoft motion, labeled "Medina's Criminal History …" We can safely conclude that the Magistrate's section was copied from Microsoft's motion because it says that "Dr. Medina was convicted of fraudulently <u>altering</u> a check" citing a court opinion, but the court opinion does not say such thing. It was Microsoft who made up such defamatory fact, also miss citing the same opinion. It is easy to confirm that the opinion does not contain such allegation, which was not charged. In its opposition to the motion to strike Microsoft no longer claims that any check was altered. Whatever reason the magistrate had to copy section B from Microsoft's section B, the issue here is that she made a mistake, a mistake arising from oversight and trust in Microsoft's attorney as a supply of facts. Rule 60 of the *Federal Rules of Civil Procedure* states that "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other

part of the record. The court may do so on motion or on its own, with or without notice." The court is therefore empowered not only to seal the documents, but to strike the offending paragraphs which are undisputedly inaccurate as a matter of law, and apart from Dr. Medina's declaration so stating.

Even if criminal conduct were relevant to trust, even if trustability was an issue in the motion for Protective Order, even if Magistrate Corey did not mention the issue, but was nevertheless considered by her, even if the proposition has any validity in law, the fact remains that it is not the issue now for this motion to strike as all those alleged issues have no play anymore after this case has been adjudicated. So the issue now is whether the allegations of criminal conduct have any relevance at this stage and whether those allegations that were mistakes, errors, inaccuracies, and never supported with any evidence should be in the record for any legitimate purpose. Now that the allegations are undisputably false there is no conceivable purpose or interest to perpetuate them. Microsoft has also admitted implicitly that at least one of the two convictions that it claimed was never a conviction, so Dr. Medina could never have had "two convictions." Microsoft says now that there was a finding of guilt, and that it knew that case was under direct appeal. It is well known that there is no conviction until a final disposition, which in that case was a finding of acquittal. So there was never a conviction. The statement was false then as it is false now. Dr. Medina does not have 2 convictions and never had.

Dr. Medina explained why sealing the documents, as Microsoft proposes, is not enough to curtail the dissemination and republication of the original documents. At least one republisher of the Protective Order contends that an order sealing it does not compel him to do the same and he can freely republish in his website the original order that he received from Microsoft's attorneys.

## 4. CONCLUSION

For the foregoing reasons, Defendants respectfully ask this Court for an Order striking the documents or text content identified in this motion and Order that publishers and republishers of the original content remove said content from their computer servers with public access.

DATED: November 25, 2020

_____
Antonio Medina Plaintiff

5.

PLAINTIFF'S REPLY 3:14-cv-00143-RS

# PROOF OF SERVICE

On this date a true copy of

**PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO STRIKE AND SEAL and DECLARATION OF DR. ANTONIO MEDINA IN REPLY**

was served by email per agreement of the parties to the following addressee:

jjennison@perkinscoie.com

Judith Jennison
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 25, 2020                    By: _____
                                                Antonio Medina