UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MEDINA,<br><br>          Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>          Defendants. | Case No. 14-cv-00143-RS<br><br>**ORDER DENYING MOTION TO STRIKE; GRANTING MOTION TO SEAL** |

Appearing *pro se*, Plaintiff brings this motion to strike, or in the alternative seal, portions of Defendant Microsoft Corporation's Motion for Entry of Protective Order, filed June 6, 2014, and Magistrate Judge Corley's Order granting in part that motion, entered August 7, 2014. He moves, pursuant to Federal Rule of Civil Procedure 12(f), to strike what he claims to be false allegations that he was convicted of criminal bank fraud in 1994 and 2012 as scandalous and immaterial. Microsoft does not oppose Plaintiff's motion to seal the material, so that request is granted. Docket 53 page 5:13 – 7:9 and Docket 77 pages 1:13-14 and 2:19 – 3:3 are to be sealed and made unavailable to public access.

Still, Plaintiff indicates that sealing the material is insufficient. Rather, in an attached declaration, Plaintiff asserts that he continues to be harmed when internet search results for his name produce documents associated with this case. He insists that "[o]nly if the material is stricken the republishers will have reason to depublish it as it is no longer part of the record that they purport to reproduce and republish." Reply at 1.

Striking the material will not provide Plaintiff the relief he seeks – publishers will not

automatically be forced to retract the material. Furthermore, the purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation omitted). This case has been closed for nearly six years, and more importantly, the issues are hardly spurious: Plaintiff remains convicted of the earlier charge of criminal bank fraud.[1] *See United States v. Puerta*, 38 F.3d 34 (1st Cir. 1994) (affirming Antonio Medina Puerta's conviction for bank fraud). The motion to strike is therefore both temporally and procedurally inappropriate and is thus denied. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for December 17, 2020 is vacated.

**IT IS SO ORDERED**.

Dated: December 9, 2020

RICHARD SEEBORG
United States District Judge

---

[1] Though it does not change the outcome of this motion, it is worth noting that the Ninth Circuit eventually reversed Plaintiff's 2012 conviction and remanded for an entry of a judgment of acquittal. *United States v. Puerta*, 607 Fed. Appx. 635 (9th Cir. 2015).